**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ANTHONY BOBULINSKI and STEFAN PASSANTINO, | Civil Action No. 1:24-cv-02349 (JPO) |
| Plaintiffs, | **DEFENDANT JESSICA TARLOV'S APPLICATION FOR ATTORNEYS' FEES** |
| v. | |
| JESSICA TARLOV, | |
| Defendant. | |

TORRIDON LAW PLLC

Patrick F. Philbin (*pro hac vice*)
Kyle West (*pro hac vice*)
Chase Harrington (*pro hac vice*)
801 Seventeenth Street NW, Suite 1100
Washington, DC 20006
(202) 249-6600

Brett D. Katz
800 Westchester Avenue
Suite N-641, Office 647
Rye Brook, NY 10573
(551) 404-5301

*Attorneys for Defendant Jessica Tarlov*

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*An v. Despins*,
No. 22-cv-10062, 2024 WL 1157281 (S.D.N.Y. Mar. 18, 2024)...........................................7

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany &
Albany Cnty. Bd. of Elections*,
522 F.3d 182 (2d Cir. 2007)...........................................................................................1

*Deluca v. Bank of Tokyo-Mitsubishi UFJ*,
No. 06-cv-5474, 2007 WL 4563921 (S.D.N.Y. Dec. 18, 2007) ...........................................7

*Doe 1 v. E. Side Club, LLC*,
No. 18-cv-11324, 2023 WL 4174141 (S.D.N.Y. June 23, 2023) ...........................................7

*Fox v. Vice*,
563 U.S. 826 (2011)........................................................................................................1

*Herring Networks, Inc. v. Maddow*,
No. 3:19-cv-1713, 2021 WL 409724 (S.D. Cal. Feb. 5, 2021).....................................3, 4, 7, 8

*Millea v. Metro-North R.R. Co.*,
658 F.3d 154 (2d Cir. 2011)...........................................................................................1

*Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*,
No. 19-cv-2523, 2022 WL 17834945 (S.D.N.Y. Nov. 29, 2022), *report and
recommendation adopted*, 2023 WL 3004883 (S.D.N.Y. Feb. 23, 2023) ...............................7

*Reiter v. Metro. Transp. Auth. of N.Y.*,
No. 01-cv-2762, 2004 WL 2072369 (S.D.N.Y. Sept. 10, 2004) .................................................2

*Riordan v. Nationwide Mut. Fire Ins. Co.*,
977 F.2d 47 (2d Cir. 1992)...........................................................................................1

*In re Stock Exchs. Options Trading Antitrust Litig.*,
No. 99-cv-0962, 2006 WL 3498590 (S.D.N.Y. Dec. 4, 2006) .................................................6

*Wells Fargo Trust Co., N.A. v. Fast Colombia S.A.S.*,
No. 23-cv-603, 2023 WL 8591953 (S.D.N.Y. Oct. 16, 2023), *report and
recommendation adopted*, 2023 WL 8433128 (S.D.N.Y. Dec. 5, 2023).....................................7

*Woulfe v. Universal City Studios LLC*,
No. 2:22-cv-00459, 2024 WL 1110914 (C.D. Cal. Feb. 8, 2024) ...........................................3

**Statutes**

New York Civil Rights Law § 70-a ................................................................................................1

**Other Authorities**

Robert Freedman, *BigLaw partners hand over work to keep costs down, analysis
    shows*, LegalDive (Oct. 22, 2024), https://perma.cc/GXN5-U4CH .........................................8

William Josten, *What the "State of the US Legal Market" report showed about
    law firm billing rate performance in 2023 and where it may go in 2024*,
    Thomson Reuters (Feb. 5, 2024), https://perma.cc/E7ZF-VN6K ............................................8

Defendant Jessica Tarlov submits this memorandum of law in support of her request for attorneys' fees in accordance with the Court's November 26, 2024 Opinion and Order (Order), ECF No. 35.  In that Order, the Court determined that Ms. Tarlov is entitled to attorneys' fees under New York Civil Rights Law § 70-a and directed Ms. Tarlov to file documentation in support of her request for fees.  This memorandum and the separately filed Declaration of Patrick F. Philbin (Philbin Declaration) provide the documentation for Ms. Tarlov's request for fees.

As explained below, Ms. Tarlov respectfully submits that she is entitled to a fee and costs award in the amount of $333,674.66.  This amount—which reflects the attorneys' fees and costs actually paid or approved for payment in this case—is reasonable in light of the number of issues involved and the experience and qualifications of defense counsel.

In diversity actions, reasonableness of a fee award issued under a state statute is governed by state law.  *See Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992).  Calculating attorneys' fees "should not result in a second major litigation."  *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quotation omitted).  Rather, the "goal . . . is to do rough justice, not to achieve auditing perfection."  *Id.*

Under New York law, courts calculate a "presumptively reasonable fee" under the "lodestar method."  *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quotation omitted).  The lodestar method entails taking the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany Cnty. Bd. of Elections,* 522 F.3d 182, 186 (2d Cir. 2007).  A reasonable rate is one a "reasonable, paying client would be willing to pay."  *Id.* at 184.  "[A]n attorney's customary rate is a significant factor in determining a reasonable rate.  Indeed, as a logical matter, the amount actually paid to counsel by paying clients is compelling evidence of a

reasonable market rate." *Reiter v. Metro. Transp. Auth. of N.Y.*, No. 01-cv-2762, 2004 WL 2072369, at *5 (S.D.N.Y. Sept. 10, 2004).

### A.    Counsel's Work Defending this Action.

In March 2024, Plaintiffs filed a Complaint alleging that Ms. Tarlov had defamed them by stating that Plaintiff Bobulinski's legal fees in connection with congressional testimony had been paid by a "Trump Super PAC."  Compl. ¶ 29, ECF 1.  Plaintiffs asserted that this statement amounted to defamation, defamation per se, and defamation by implication against both Plaintiff Bobulinski and against his attorney, Plaintiff Passantino.  *Id.* ¶¶ 46-64.  Plaintiff Passantino also brought an injurious falsehood claim.  *Id.* ¶¶ 65-69.

In response, Ms. Tarlov filed a motion to dismiss.  ECF 17.  This motion required addressing numerous defects in the Complaint, including (1) failure to allege a defamatory statement; (2) failure to allege actual malice (both because Plaintiffs were limited purpose public figures and because actual malice was required under N.Y. Civ. Rts. L. § 76(a)); (3) failure to allege defamation per se or special damages; (4) failure to adequately allege injurious falsehood; (5) failure to state a claim for defamation by implication; and (6) the single instance rule.  ECF 19. As the Court noted in its Order, it agreed with Defendant's analysis on most of these points.  *See* Order at 4 ("The Court agrees on all counts.").  In addition, Ms. Tarlov's motion argued that the court should award Ms. Tarlov fees under New York's anti-SLAPP statute, N.Y. Civ. Rts. L. § 70-a(1)(a).  After Plaintiffs opposed the motion, Ms. Tarlov also filed a reply in support of her motion to dismiss.

Following the briefing, the Court designated the case for oral argument.  ECF 30.  This required defense counsel to spend additional time preparing for argument and conducting research updates on all of the topics listed above.

Given the number of issues involved and the oral argument held in this case, counsel reasonably spent a total of 354.1 hours defending in this action.  Counsel's success in this matter— in which the Court agreed with Ms. Tarlov's arguments regarding Bobulinski's public figure status, lack of a defamatory statement, lack of actual malice, failure to allege either defamation per se or special damages, failure to state a claim for defamation by implication, failure to state a claim for injurious falsehood, and the application of New York's fee-shifting provision—is further evidence that counsel's work on this matter was reasonable.  As additional evidence of reasonableness, Ms. Tarlov is not requesting compensation for the fees incurred in preparing this application.

Recent cases involving similar motions to dismiss and the application of state anti-SLAPP laws further demonstrate that the hours expended in this case were reasonable.  For example, in *Woulfe v. Universal City Studios LLC*, No. 2:22-cv-00459, 2024 WL 1110914 (C.D. Cal. Feb. 8, 2024), the Court found that 416.9 hours was a reasonable number of hours for briefing and arguing an anti-SLAPP motion to dismiss.  *Id.* at *9-10 (finding that a 20% cut to counsel's 521.1 billed hours resulted in a reasonable hour amount for the case).  The court noted that the hours were necessary because the motion to dismiss "dealt with a variety of issues, spanning from the applicability of the anti-SLAPP statute to the present case, to numerous arguments challenging the sufficiency of Plaintiff's complaint." *Id.*[1]  Ms. Tarlov faced a comparable situation, because her motion to dismiss similarly addressed a range of deficiencies in the complaint as well as the application of New York's anti-SLAPP statute.  Similarly, in *Herring Networks, Inc. v. Maddow*,

---

[1] After approving 416.9 hours of work for the case, the court in *Woulfe* held that the defendant was entitled to only 20% of the resulting fees because the motion to dismiss had resulted in only 20% of the case being dismissed.  *Id.* at *10.  Ms. Tarlov's motion, by contrast, was 100% successful, and accordingly no similar reduction in fees is warranted in this case.

3

No. 3:19-cv-1713, 2021 WL 409724 (S.D. Cal. Feb. 5, 2021), the court approved approximately 337 hours of time spent by defense counsel responding to a complaint by briefing and arguing an anti-SLAPP motion to dismiss and briefing on a motion to supplement the record.  *Id.* at *3 n.3 (showing counsel claimed 355.5 hours); *id.* at *9-10 (ordering a 5% reduction in hours based on objections to specific entries).  The court awarded total fees of $247,667.50.  *Id.* at *10.  As explained below, with adjustments for four to five years' worth of rate increases (the work in *Herring* was performed in 2019 and 2020) and the fact that rates in New York City are higher than in San Diego, the result in *Herring* supports the reasonableness of the fees requested here.

In total, Ms. Tarlov is claiming $331,859.26 in fees based on 354.1 hours of billed work, along with $1,815.40 in costs, for a total of $333,674.66.  A full set of the billing records with time entries supporting the work done by counsel and itemized costs is attached to the Declaration of Patrick F. Philbin as Exhibit A.  As explained in the Philbin Declaration, Ms. Tarlov does not seek reimbursement for certain entries in those billing records that relate to avenues in the litigation that were not ultimately pursued.  Those entries have been redacted in full.  The following chart summarizes the fees and costs Ms. Tarlov is requesting, broken down by timekeeper and month:

| April Time Summary | | |
|---|---|---|
| **Timekeeper** | **Hours** | **Amount** |
| Ben Cameron | 2.5 | $ 743.75 |
| Chase Harrington | 35.3 | $ 22,503.75 |
| Patrick F. Philbin | 36.9 | $ 49,399.92 |
| Kyle T. West | 35.3 | $ 25,504.25 |
| Total | 110 | $ 98,151.67 |
| May Time Summary | | |
| **Timekeeper** | **Hours** | **Amount** |
| Ben Cameron | 10.5 | $ 3,123.75 |
| Chase Harrington | 46.6 | $ 29,707.50 |
| Brett Katz | 6.5 | $ 5,248.75 |
| Patrick F. Philbin | 52.3 | $ 70,016.69 |
| Kyle T. West | 20.7 | $ 14,955.75 |
| Total | 136.6 | $ 123,052.44 |

4

| July Time Summary | | |
|---|---|---|
| **Timekeeper** | **Hours** | **Amount** |
| Ben Cameron | 3 | $ 892.50 |
| Chase Harrington | 20.5 | $ 13,068.75 |
| Brett Katz | 0.2 | $ 161.50 |
| Patrick F. Philbin | 31.3 | $ 41,902.88 |
| Kyle T. West | 16.6 | $ 11,993.50 |
| Total | 71.6 | $ 68,019.13 |
| October Time Summary | | |
| **Timekeeper** | **Hours** | **Amount** |
| Chase Harrington | 2.8 | $ 1,785.00 |
| Brett Katz | 0.6 | $ 484.50 |
| Patrick F. Philbin | 27.4 | $ 36,681.77 |
| Kyle T. West | 5.1 | $ 3,684.75 |
| Total | 35.9 | $ 42,636.02 |

| Billing Summary | | |
|---|---|---|
| **Timekeeper** | **Hours** | **Amount** |
| Ben Cameron | 16 | $ 4,760.00 |
| Chase Harrington | 105.2 | $ 6,7065.00 |
| Brett Katz | 7.3 | $ 5,894.75 |
| Patrick F. Philbin | 147.9 | $ 198,001.26 |
| Kyle T. West | 77.7 | $ 56,138.25 |
| All Timekeepers | 354.1 | $ 331,859.26 |
| Costs | -- | $ 1,815.40 |
| Total | -- | $ 333,674.66 |

## B.    Counsel's Rates Are Reasonable.

Given their qualifications, defense counsel's rates are reasonable.

Patrick F. Philbin is a partner at Torridon Law PLLC focused on civil litigation.  Mr. Philbin graduated, *magna cum laude*, from Harvard Law School in 1992, after which he clerked for Judge Laurence H. Silberman on the United States Court of Appeals for the D.C. Circuit and then for Justice Clarence Thomas on the United States Supreme Court.  Over the course of his 30-plus-year career, Mr. Philbin has also held a number of senior government positions.  His rate was $1,338.75 per hour in this matter.

Brett Katz is a partner at Torridon focused on civil litigation. Mr. Katz's rate was $807.50 per hour in this matter. He received his juris doctor degree in 2010 from Fordham University School of Law and clerked for the Honorable Cathy L. Waldor, United States Magistrate Judge, District of New Jersey.

Kyle West is an associate at Torridon focused on civil litigation. He is a 2014 graduate, *cum laude*, of Harvard Law School and clerked for Judge Timothy Tymkovich on the United States Court of Appeals for the Tenth Circuit. Mr. West's rate was $722.50 per hour in this matter.

Chase Harrington is also an associate at Torridon focused on civil litigation. He is a 2017 graduate of Duke University School of Law, where he served as an editor of the *Duke Law Journal*. After graduating, he clerked for Judge Allison H. Eid on the Supreme Court of Colorado and the United States Court of Appeals for the Tenth Circuit. Mr. Harrington's rate was $637.50 per hour in this matter.

Benjamin L. Cameron is a paralegal at Torridon with 15 years' experience. Mr. Cameron's rate was $297.50 per hour in this matter.

Each of these rates represents a 15% discount from the standard rates Torridon charged for each biller during that period. As noted in the Philbin Declaration, Fox News Network, LLC (Fox) paid Ms. Tarlov's attorney fees in this matter. Philbin Decl. ¶ 4. While this case was being litigated, other Torridon clients paid the same or higher rates than Fox paid on behalf of Ms. Tarlov in this matter. Philbin Decl. ¶ 12. This is further evidence of the reasonableness of the rates at issue. *In re Stock Exchs. Options Trading Antitrust Litig.*, No. 99-cv-0962, 2006 WL 3498590, at *9 (S.D.N.Y. Dec. 4, 2006) (finding an "attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of" a reasonable hourly rate). Fox has paid, or approved for payment, each of the invoices attached to the Declaration of Patrick F. Philbin, at the discounted rates given

above, which further demonstrates reasonableness.  Philbin Decl. ¶ 5; *Deluca v. Bank of Tokyo-Mitsubishi UFJ*, No. 06-cv-5474, 2007 WL 4563921, at *5 (S.D.N.Y. Dec. 18, 2007) (finding fact that a "paying corporate client, able to negotiate a fee-rate discount with its law firm," agreed to pay rates is evidence that they are reasonable); *Doe 1 v. E. Side Club, LLC*, No. 18-cv-11324, 2023 WL 4174141, at *6 (S.D.N.Y. June 23, 2023) (finding "the fact that those are the rates that were actually charged to and paid by Defendants" "confirmed" that rates were reasonable).

The rates given above are in line with rates for other commercial litigators that New York courts have found reasonable.  *See, e.g.*, *An v. Despins*, No. 22-cv-10062, 2024 WL 1157281, at *2, 4 (S.D.N.Y. Mar. 18, 2024) (finding reasonable partner rate of $1,990 and associate rate of $895); *Wells Fargo Trust Co., N.A. v. Fast Colombia S.A.S.*, No. 23-cv-603, 2023 WL 8591953, at *6-9 (S.D.N.Y. Oct. 16, 2023) (approving hourly rates up to $1,400 for a senior partner and nearly $1,000 for associates), *report and recommendation adopted*, 2023 WL 8433128 (S.D.N.Y. Dec. 5, 2023); *Red Tree Invs., LLC v. Petróleos de Venezuela, S.A.*, No. 19-cv-2523, 2022 WL 17834945, at *2 (S.D.N.Y. Nov. 29, 2022) (approving attorneys' billed rates, which included $1,600 rate for partner), *report and recommendation adopted*, 2023 WL 3004883 (S.D.N.Y. Feb. 23, 2023); Exh. G to Decl. of Joshua Weisser at 7, *Red Tree Invs., LLC v*, No. 19-cv-2523, ECF No. 151-7 (identifying $1,600 rate).

Finally, although there are no prior federal court cases awarding fees in an anti-SLAPP matter in New York, a decision from the Southern District of California addressing a similar motion to dismiss and application of California's anti-SLAPP statute further supports the reasonableness of the rates and the overall request for fees here.  As noted above, in *Herring*, the court approved approximately 337 hours of time (specifically, a 5% reduction to 355.5 hours) spent by defense counsel responding to a complaint by briefing and arguing an anti-SLAPP motion to

dismiss and briefing on a motion to supplement the record. *See Herring Networks, Inc.*, 2021 WL 409724 at *3 & n.3; *id.* at *9-10. The *Herring* court also approved rates for work in 2019 and 2020 ranging from $1,150 per hour for a senior partner to $470 for a mid-level associate in the San Diego market. *Id.* at *7. The court specifically discounted the requested rates on the basis that rates were lower in the Southern District of California than in the Central District and Northern District of California (*i.e.*, Los Angeles and San Francisco, respectively). *See id.* at *4-6. Rates in New York City are certainly higher than in San Diego.[2] In addition, since the time that the costs in *Herring* were incurred in 2019 and 2020, there have been four to five years of rate increases. Rate increases for attorneys have outpaced inflation, and according to industry sources rates increased over 6% year-over-year in 2020, over 5% in 2021, over 6% in 2022, 7% in 2023, and 10% for 2024 rates over the prior year.[3] The *Herring* court awarded a total of $247,667.50 in fees. *Herring Networks, Inc.*, 2021 WL 409724, at *11. With adjustments for higher attorney rates in New York and rate increases for four to five years, that award fully supports the reasonableness of the award sought here. Indeed, assuming only a 5% increase for rates in New York, increases of 5% for 2020, 2021, 2022, and 2023, and an increase of 9% for 2024, that award would translate into over $344,000 today.

---

[2] Robert Freedman, *BigLaw partners hand over work to keep costs down, analysis shows*, LegalDive (Oct. 22, 2024), https://perma.cc/GXN5-U4CH ("New York law firms, for example, are by far the most expensive, with partners charging a typical $1,525 per hour . . . .").

[3] William Josten, *What the "State of the US Legal Market" report showed about law firm billing rate performance in 2023 and where it may go in 2024*, Thomson Reuters (Feb. 5, 2024), https://perma.cc/E7ZF-VN6K; *see also* Freedman, *supra* note 2.

**CONCLUSION**

The Court should grant Ms. Tarlov's Application for Attorneys' Fees and order Plaintiffs to reimburse the defense for $333,674.66 in attorneys' fees and costs incurred defending in this action.

TORRIDON LAW PLLC

/s/ *Patrick F. Philbin*
Patrick F. Philbin (*pro hac vice*)
Kyle West (*pro hac vice*)
Chase Harrington (*pro hac vice*)
801 Seventeenth Street NW, Suite 1100
Washington, DC 20006
(202) 249-6600

Brett D. Katz
800 Westchester Avenue
Suite N-641, Office 647
Rye Brook, NY 10573
(551) 404-5301

*Attorneys for Defendant Jessica Tarlov*