**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY BOBULINSKI and STEFAN PASSANTINO,<br><br>             Plaintiffs,<br><br>        v.<br><br>JESSICA TARLOV,<br><br>             Defendant. | Civil Action No. 1:24-cv-02349 (JPO) |

## DECLARATION OF PATRICK F. PHILBIN

I, Patrick F. Philbin, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.    I am a partner at the law firm Torridon Law PLLC (Torridon), counsel for the Defendant in the above-captioned case. I submit this declaration in support of the Defendant's application for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d)(2) and New York Civil Rights Law § 70-a(1)(a). I am a member of the bar and duly admitted to practice in the District of Columbia and in the Commonwealth of Massachusetts and am admitted *pro hac vice* in this action. I have been lead counsel on this matter since its inception and have been involved in every aspect of this litigation. I have personal knowledge of the facts set forth herein.

2.    Ms. Tarlov submits this application in accordance with the Court's November 26, 2024 Opinion and Order (Order), ECF No. 35, in which this Court determined that Ms. Tarlov was entitled to attorneys' fees under New York Civil Rights Law § 70-a. In that Order, the Court directed Ms. Tarlov to file documentation in support of her request for fees. This Declaration accompanies Defendant Jessica Tarlov's Application for Attorneys' Fees, which seeks a total of $333,674.66 in attorneys' fees and costs billed by Torridon in this matter.

3. Attached to this Declaration are true and correct copies of Torridon's invoices in this matter. *See* Exh. A. Included in each invoice is a listing by timekeeper describing the work done on the date shown and the amount of time spent on that date by that timekeeper. These invoices also itemize costs counsel incurred and billed in the course of representing Ms. Tarlov. The billing records and the individual time records within those bills were created contemporaneously with the expenses they reflect.

4. Fox News Network LLC (Fox), has paid Ms. Tarlov's fees in this matter. The attached invoices have been partially redacted to: (1) remove the names of specific Fox employees, none of which are relevant to assessing the purpose of the related time entry; (2) remove specific privileged matters; and (3) remove certain time entries associated with fees that the Defendant does not seek to recover and is not including in her fee request. The total sum Defendant is seeking does not include the fees associated with any time entry for which the description, timekeeper, and amount have been entirely redacted. In accordance with the Court's Order, Torridon will email the Court a copy of these billing records with all the entries for which Ms. Tarlov is seeking fees unredacted.

5. Each of the attached invoices has been paid in full or has been approved for payment in full by Fox.

## I. THE RATES ARE REASONABLE.

6. Torridon Law PLLC is a boutique litigation firm with its main office in Washington, D.C. Founded by former Attorney General William Barr, Torridon attorneys include the former general counsels of three Fortune 50 companies, two former White House Counsels, two former Deputy White House Counsels, two former U.S. Attorneys, and numerous attorneys with experience at major international law firms.

7.     I have been a practicing attorney for thirty years and most of my career has been focused on civil litigation.  I graduated, *magna cum laude*, from Harvard Law School in 1992, after which time I clerked for Judge Laurence H. Silberman on the United States Court of Appeals for the D.C. Circuit and then for Justice Clarence Thomas on the United States Supreme Court.  I spent over fifteen years as a litigation partner at a major international law firm.  In addition to my work in the private sector, I have also held a number of senior government positions over the course of my career, including Associate Deputy Attorney General at the Department of Justice from 2003 to 2005 and Deputy Counsel to the President from 2018 to 2020.  My rate was $1,338.75 per hour in this matter.

8.     Brett Katz is a partner at Torridon focused on civil litigation.  Mr. Katz's rate was $807.50 per hour in this matter.  He received his juris doctor degree in 2010 from Fordham University School of Law and clerked for the Honorable Cathy L. Waldor, United States Magistrate Judge, District of New Jersey.

9.     Kyle West is an associate at Torridon focused on civil litigation.  He is a 2014 graduate, *cum laude*, of Harvard Law School and clerked for Judge Timothy Tymkovich on the United States Court of Appeals for the Tenth Circuit.  Mr. West's rate was $722.50 per hour in this matter.

10.     Chase Harrington is an associate at Torridon focused on civil litigation.  He is a 2017 graduate of Duke University School of Law, where he served as an editor of the *Duke Law Journal*.  After graduating, he clerked for Judge Allison H. Eid on the Supreme Court of Colorado and the United States Court of Appeals for the Tenth Circuit.  Mr. Harrington's rate was $637.50 per hour in this matter.

11.     Benjamin L. Cameron is a paralegal at Torridon with 15 years' experience.  Mr. Cameron's rate was $297.50 per hour in this matter.

12.     Each of the rates listed above represents a 15% discount from the standard rate that Torridon charged for those individuals' work at the time.  Other Torridon clients paid the same or higher rates than the rates charged in this case.  The standard rates are determined by the marketplace and I believe they are reasonable rates.  As detailed in Ms. Tarlov's Application for Attorneys' Fees, they are lower than rates charged by many attorneys with qualifications similar to those held by the attorneys listed above.

## II.     THE HOURS SPENT WERE NECESSARY AND REASONABLE.

13.     Although the Court dismissed this case at the Rule 12(b)(6) stage, the case presented multiple legal issues, all of which had to be addressed to ensure the case would be dismissed.

14.     Plaintiffs' Complaint suffered from numerous legal deficiencies, including: (1) a failure to allege a defamatory statement; (2) Plaintiffs failed to allege either defamation per se or special damages; (3) the allegedly defamatory statement was nonactionable under the single-instance rule; (4) Plaintiffs failed to allege actual malice; (5) Plaintiffs failed to state a claim for defamation by implication; (6) and Plaintiff Passantino failed to state a claim for injurious falsehood.

15.     Research into the applicability of the fee-shifting provision in New York's anti-SLAPP law, N.Y. Civ. Rts. L. § 70-a, also required a substantial investment of time.  As the Court recognized in its Order, the law in this area is in flux and a number of federal courts have refused to apply Section 70-a's fee-shifting provision in federal court.  Responding to those decisions required a full review of the decisions in this field, including at the state level, as well as a review of the legislative history of New York's anti-SLAPP statute.

16. Counsel reasonably researched each of these issues, along with questions regarding the public figure status of both Plaintiffs, among other topics. This research formed the basis for the motion to dismiss and the reply in support of the motion to dismiss filed in this case.

17. After briefing was closed, the Court selected this case for oral argument. ECF 30. Preparing for argument required additional time and required updating the research on all the topics listed above to take into account any recent decisions.

18. Ultimately, the Court agreed that the Complaint was legally deficient on multiple fronts. After agreeing with the Defendant's argument that Plaintiffs were required to allege actual malice—because Mr. Bobulinski was a limited purpose public figure and because Ms. Tarlov's statement involved a matter of public interest under New York Civil Rights Law § 76(a)—the Court dismissed the Complaint on the basis of Ms. Tarlov's arguments that: (1) the challenged statements were not defamatory; (2) Plaintiffs failed to allege either defamation per se or special damages; (3) Plaintiffs failed to allege actual malice; (4) Plaintiffs failed to state a claim for defamation by implication; and (5) Plaintiff Passantino failed to state a claim for injurious falsehood. ECF 35. In addition, the Court agreed with the Defendant's contention that New York's anti-SLAPP fee-shifting provision should be applied in this case. *Id.*

19. Given the numerous legal defects in the complaint that the Defendant was then forced to address, Defendant reasonably spent and seeks 354.1 hours and accumulated $333,674.66 in claimed fees and costs defending this litigation. As demonstrated by the result in this case, in which the Court agreed with Ms. Tarlov's arguments that the Complaint was deficient on at least five points and that the fee-shifting provision of New York's anti-SLAPP statute applied, the work the attorneys at Torridon performed and billed for in this action was reasonable and necessary to defend our client and defend her First Amendment right to discuss matters of public concern.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 20, 2024.

*/s/ Patrick F. Philbin*

Patrick F. Philbin
801 Seventeenth Street NW, Suite 1100
Washington, DC 20006
(202) 249-6900
pphilbin@torridonlaw.com
