UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANTHONY BOBULINSKI and              :
STEFAN PASSANTINO,                  :
                                    :
    Plaintiffs,                    :
                                    :
-v-                                 :    Case No. 1:24-cv-02349-JPO
                                    :
JESSICA TARLOV,                     :
                                    :
    Defendant.                     :
-----------------------------------------------------------X

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S APPLICATION FOR ATTORNEY'S FEES

Jesse R. Binnall (*pro hac vice*)
John C. Sullivan (*pro hac vice*)
Jared J. Roberts (*pro hac vice*)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com
jcs@binnall.com
jared@binnall.com

*Attorneys for Anthony Bobulinski and Stefan Passantino*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................... I

TABLE OF AUTHORITIES............................................................................................II

BACKGROUND ............................................................................................................... 1

ARGUMENT...................................................................................................................... 2

CONCLUSION .................................................................................................................. 8

CERTIFICATE OF SERVICE ........................................................................................ 10

# TABLE OF AUTHORITIES

Cases

*Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509 (S.D.N.Y. 2011) ........................ 2

*AVA Realty Ithaca, LLC v. Griffin*, 652 F. Supp. 3d 255 (N.D.N.Y. 2023) .............. 2, 3

*Baring Indus., Inc. v. 3 BP Prop. Owner LLC*, 2022 WL 4560738 (S.D.N.Y. Sept. 29, 2022) ............................................................................................................................. 2

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ................................................................. 6

*Herring Networks, Inc. v. Maddow*, 2021 WL 409724 (S.D. Cal. Feb. 5, 2021) .......... 8

*Manti's Transp. v. Kenner*, 2015 WL 1915004 (E.D.N.Y. Apr. 27, 2015) .................... 6

*Marchuk v. Faruqi & Faruqi LLP*, 104 F. Supp. 3d 363 (S.D.N.Y. 2015). .................. 6

*Rivera v. Home Depot U.S.A. Inc.*, 2021 WL 1844973 (S.D.N.Y. Feb. 10, 2021), *report and recommendation adopted*, 2021 WL 1530051 (S.D.N.Y. Apr. 19, 2021). .......... 2

*Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170 (2d Cir. 2009) .................................. 3

*Woulfe v. Universal City Studios LLC*, No. 2:22-cv-00459, 2024 WL 1110914 (C.D. Cal. Feb. 8, 2024) ........................................................................................................ 8

Defendant has failed to establish that the fees requested in her fee petition were reasonable. In Defendant's thirty-five pages of briefing for a single motion to dismiss, she relies on well-worn and well-established defenses that should not have required 354.1 hours of work. A detailed review of defense counsel's billing, scrutinized by the expert opinion and declaration of Ronald D. Coleman, shows that much of it was duplicative, unnecessary, and inefficiently allocated. As discussed below, Mr. Coleman conservatively estimated that the total billing was twice what it should have been. It appears that defense counsel saw this as an opportunity to provide training to their younger attorneys for which Plaintiffs should not have to pay. Accordingly, to the extent Defendant is entitled to any attorneys' fees, Plaintiffs respectfully request that the fee application she submitted be reduced by at least 50%.

## BACKGROUND

On March 28, 2024, Plaintiffs filed their eighteen-page, three-count Complaint. *See* Dkt. No. 1. Two of these counts stemmed from defamation, while the third was for injurious falsehood. *Id.* On May 20, 2024, Defendant filed her motion to dismiss, containing a twenty-five-page memorandum. *See* Dkt. No. 19. The grounds on which Defendant moved to dismiss "have been advanced by defendants seeking to dismiss defamation claims in New York for generations." Coleman Decl. at ¶ 8. On July 1, 2024, Plaintiffs filed a twenty-five-page memorandum in opposition. *See* Dkt. No. 25. And on July 29, 2024, Defendant filed a ten-page reply. *See* Dkt. No. 29. Finally, on October 24, 2024, this Court held a brief oral argument.

On November 26, 2024, this Court granted Defendant's motion to dismiss, as well as her motion for attorney's fees. *See* Dkt. No. 35. Despite this case never advancing beyond its seminal stages, defense counsel claims to have incurred 354.1 hours of time to review the complaint, draft thirty-five pages, and attend oral argument. Dkt. No. 37 at 3. While Plaintiffs do not challenge whether the hourly rate defense counsel charged was reasonable, Plaintiffs do strongly contest the reasonableness of the number of defense counsel's hours (*354.1 hours* at the motion to dismiss stage). In support of this opposition, Plaintiffs hired an expert, Ronald D. Coleman, whose declaration is provided with this opposition.

## ARGUMENT

Under New York law, "[t]he party seeking attorney's fees bears the burden of demonstrating the reasonableness of the fees." *AVA Realty Ithaca, LLC v. Griffin*, 652 F. Supp. 3d 255, 270 (N.D.N.Y. 2023) (citing *Rivera v. Home Depot U.S.A. Inc.*, 2021 WL 1844973, at *2 (S.D.N.Y. Feb. 10, 2021), *report and recommendation adopted*, 2021 WL 1530051 (S.D.N.Y. Apr. 19, 2021)). "Courts applying New York law have broad discretion in determining what constitutes reasonable compensation for legal services." *Baring Indus., Inc. v. 3 BP Prop. Owner LLC*, 2022 WL 4560738, at *5 (S.D.N.Y. Sept. 29, 2022) (internal citation omitted). The fee applicant must show the reasonableness of the hourly rates, as well as the reasonableness of the hours spent. *Rivera*, 2021 WL 1530051, at *6 (quoting *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011)). The starting point is the "lodestar" figure,

"which represents a presumptively reasonable fee, constitutes 'what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case.'" *Griffin*, 652 F. Supp. 3d at 270–71 (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)).

Here, defense counsel cannot support the reasonableness of the number of hours they spent in the early stages of this litigation. This is illustrated in Mr. Coleman's expert declaration. Mr. Coleman is a graduate of Northwestern University School of Law and has been practicing law for roughly thirty-six years. Coleman Decl. at ¶ 2. He is a former partner and current Of Counsel to the Dhillon Law Group, practicing in the same subject areas of law that are present in this case. *Id.* at ¶¶ 1–4. With this experience, Mr. Coleman came to the opinion that the total amount of Defendant's fees, while arguably reasonable in rate, "appears to be excessive – perhaps double what I might have expected." *Id.* at ¶¶ 5–6. Specifically, Mr. Coleman determined that it readily appeared that defense counsel used this case to learn New York defamation law and as a training exercise and went over the briefing repeatedly. *Id.* at ¶¶ 14, 15, 17.

Each of the defenses that Defendant presented in this case "are grounds that have been advanced by defendants seeking to dismiss defamation claims in New York for generations." *Id.* at ¶ 8. As such, preparing these defenses "should not have required extensive research and drafting." *Id.* Instead, it appears that defense counsel burnt unnecessary hours, arguably overstaffed the case, and failed to meet the reasonableness burden.

First, the number of hours defense counsel spent on certain portions of their research was excessive. Defense counsel claimed they were required to do a full review of the decisions on New York's anti-SLAPP law, as well as the law's legislative history. As Mr. Coleman explained, however, since the law's inception, several decisions have illuminated these issues. *Id.* at ¶ 9. Such research should not "have taken more than a handful of hours, and that such work would not have required the attention of a senior litigator." *Id.* at ¶ 10. Defense counsel merely "reinvent[ed]" the wheel. *Id.* at ¶ 9.

Second, defense counsel's billing was opportunistic of the firm. Defendant had two associates, Mr. Harrington and Mr. West, work on this case. Mr. Harrington's firm biography does not make any mention of him practicing defamation law. *Id.* at ¶ 13. While Mr. West's firm biography mentions defamation law as an expertise, he is not a New York attorney. *Id.* at ¶ 14. Based on defense counsel's billing, "it does appear that Defendant's District of Columbia-based firm used this case as an opportunity to expose both of these attorneys, perhaps for the first time, to what are really basic principles of New York defamation law." *Id.* This is evidenced by the two, "together, bill[ing] nearly eight hours on 'New York defamation law' and 'actual malice' on April 16th alone." *Id.* at ¶ 13. As well as the two billing an additional twenty-five hours in April to research. *Id.* at ¶ 15. The two also spent roughly 72 hours working on the motion to dismiss despite neither being a junior attorney. *Id.*

Third, defense counsel's billing appears to be duplicative. Despite all the hours the above-named associates billed, Mr. Philbin, the partner on the case, still billed

4

more than both of the associates. *Id.* at ¶ 16. Mr. Philbin created time entries of "reviewing" and "analyzing cases," "suggest[ing] that Mr. Philbin may very well have spent [an] inordinate amount of time re-doing the work performed and billed by the associates." *Id.* Simply put, "Mr. Philbin's investment in demonstrating how to prepare such a motion to a high level of professionalism, to the extent of analyzing cases himself, certainly provided a highly beneficial training experience to Mr. West and Mr. Harrington. But Plaintiffs should not have to pay for that experience." *Id.* at ¶ 17. Furthermore, despite performing all of this research for the motion to dismiss, when it came to the reply brief, defense counsel spent an additional *73 hours*, with many time entries indicating it was for research. *Id.* at ¶ 20. Adding to the duplicity is the fact that Defendant had *four* attorneys attend oral argument for a non-evidentiary hearing, with only *one* attorney actually arguing the motion. Plaintiffs should not be charged for the attendance or preparation of three extraneous attorneys.

Fourth, Plaintiffs should not be charged for any "post-argument debriefing" between defense counsel, which added nothing to the legal issues of the case. "These activities did not affect the work done to achieve the litigation result." *Id.* at ¶ 24.

Defense counsel's work, while arguably diligent and persistent, was inefficient, and "the allocation of professional resources was not properly balanced on this project." *Id.* at ¶¶ 18, 19, 21. It is not uncommon for this Court to reduce the number of hours in awarding attorney's fees. In *Marchuk v. Faruqi & Faruqi LLP*, the court

5

reduced the number of hours by 40%. 104 F. Supp. 3d 363, 370 (S.D.N.Y. 2015). The court relied on the Supreme Court's explanation that:

> Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, billing judgment is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

*Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)) (internal quotations omitted). Given the amount of time spent on various projects, the court found that the fee petition "lacked such billing judgment." Such reasoning aligns with Mr. Coleman's expert assessment that Defendant's fees were "perhaps double what [he] might have expected." *Id.* at ¶ 6.

As explained in *Manti's Transp. v. Kenner*, the "court *must* review and eliminate hours that are found to be 'excessive, redundant, or otherwise unnecessary.'" 2015 WL 1915004, at *11 (E.D.N.Y. Apr. 27, 2015) (quoting *Hensley*, 461 U.S. at 434) (emphasis added). This is especially true where the hours are vague. *Id.* at *11–12 (collecting cases where the courts reduced the billing amounts by a certain percentage for vague entries). And any billing entries not necessary to the defense of the action should be written off. *Id.* at *13.

Here, as Mr. Coleman explained, many of defense counsel's time entries include various cryptically vague entries for research, drafting, and revising. Many of which appear to be duplicative, especially the additional 72 hours billed to prepare

6

the reply brief, with two associates performing the same research tasks, and the partner on the case essentially re-doing that research and redrafting briefing. As explained above, Plaintiffs should not be charged for defense counsels' inefficient and vague billing. This is especially true considering Defendant's lead counsel is well-versed in defamation law and advanced defenses that have existed for decades. The idea that it would take experienced counsel so long to articulate such arguments is incredible. Further, Plaintiffs should not be charged for those entries not necessary to the defenses of the action, such as defense counsel's "post-argument debriefing" and the attendance and preparation of three extraneous lawyers at counsel table. Simply put, Defendant cannot meet her burden of showing the fees were reasonable.

Defendant's cited cases do not change this conclusion. Despite acknowledging that "reasonableness of a fee award issued under a state statute is governed by state law," Defendant relies on two cases from federal courts in California for the premise that the number of hours was reasonable. Dkt. No. 37 at 1, 3, 4. As a starting point, neither of these cases are binding authority on this Court. Second, the cases were at a different procedural posture.

In *Woulfe v. Universal City Studios LLC*, the plaintiff had filed three amendments to their complaint. *Woulfe v. Universal City Studios LLC*, Case No. 2:22-cv-00459, Dkt. Nos. 1, 17, 36, 130 (C.D. Cal. filed Jan. 21, 2022) ("*Woulfe*"). The defendant had filed a motion to strike with a motion to dismiss and motion for judicial notice for each of the amended complaints. *Woulfe* Dkt. Nos. 31, 32, 37, 44, 45, 131, 132. There were also numerous hearings during this time. *Woulfe* Dkt. Nos. 27, 66.

And there was a motion for reconsideration the defendant had to deal with. *Woulfe* Dkt. No. 89. The court there also ordered further briefing. *Woulfe* Dkt. No. 140. The plaintiff filed their original complaint on January 21, 2022, and the court did not reach a decision on attorney's fees until two years later, on February 8, 2024. *Woulfe* Dkt. No. 190. The proceedings in *Woulfe* are not even in the same ballpark as this case, and in *Woulfe*, the defendant still asked for roughly *$130,000 less in attorney's fees*. *Woulfe v. Universal City Studios LLC*, No. 2:22-cv-00459, 2024 WL 1110914, at *8 (C.D. Cal. Feb. 8, 2024) (asking for $200,450.53 in fees).

Next, in *Herring Networks, Inc. v. Maddow*, while not as egregious as *Woulfe*, the plaintiff still made several evidentiary filings and an "ex parte Application to Supplement the Record" to which the defendant had to respond. No. 3:19-cv-1713, 2021 WL 409724, at *8 (S.D. Cal. Feb. 5, 2021). No such additional requirements were imposed on Defendant in this case. Further, *Herring* involved California's anti-SLAPP, not New York's, which this Court has already found to be procedurally different, making a comparison between the two inappropriate. Dkt. No. 35 at 22

## CONCLUSION

For the foregoing reasons, Plaintiffs, Anthony Bobulinski and Stefan Passantino, respectfully request that, to the extent the court awards any fees–Plaintiffs maintain that it was in error to grant Defendant's motion for attorney's fees–Defendant's fee petition be reduced by at least 50% to be closer to reasonable billing practices.

8

Dated: January 29, 2025

Respectfully submitted,

/s/ *Jesse R. Binnall*
Jesse R. Binnall (*pro hac vice*)
John C. Sullivan (*pro hac vice*)
Jared J. Roberts (*pro hac vice*)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email: jesse@binnall.com
       jcs@binnall.com
       jared@binnall.com

*Attorneys for Plaintiffs Anthony Bobulinski and Stefan Passantino*

CERTIFICATE OF SERVICE

I certify that on January 29, 2025, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ *Jesse R. Binnall*
Jesse R. Binnall
jesse@binnall.com

*Attorney for Plaintiffs*