**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY BOBULINSKI and STEFAN PASSANTINO,<br><br>             Plaintiffs,<br><br>v.<br><br>JESSICA TARLOV,<br><br>             Defendant. | Civil Action No. 1:24-cv-02349 (JPO)<br><br>**DEFENDANT JESSICA TARLOV'S REPLY IN SUPPORT OF HER APPLICATION FOR ATTORNEYS' FEES** |

TORRIDON LAW PLLC

Patrick F. Philbin (*pro hac vice*)
Kyle West (*pro hac vice*)
Chase Harrington (*pro hac vice*)
801 Seventeenth Street NW, Suite 1100
Washington, DC 20006
(202) 249-6900

Brett D. Katz
800 Westchester Avenue
Suite N-641, Office 647
Rye Brook, NY 10573
(551) 404-5301

*Attorneys for Defendant Jessica Tarlov*

**TABLE OF CONTENTS**

**Page**

ARGUMENT ...................................................................................................................................1

    A.    Plaintiffs Understate the Issues Presented ................................................................1

    B.    Plaintiffs Understate the Time Warranted to Address the Question of Awarding Fees Under New York Civil Rights Law Section 70-a ...........................4

    C.    Prior Cases Support the Reasonableness of the Hours Expended Here ....................5

CONCLUSION ................................................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182 (2d Cir. 2007) ...........................................................................9

*Aristocrat Plastic Surgery P.C. v. Silva*,
    206 A.D.3d 26 (1st Dep't 2022) ...................................................................................................4

*Golan v. Daily News, L.P*,
    214 A.D.3d 558 (1st Dep't 2023) .................................................................................................4

*Golan v. Daily News, L.P.*,
    No. 151135/2022, 2023 WL 5900247 (N.Y. Sup. Ct. Sep. 11, 2023) ........................................3

*Goldman v. Abraham Heschel Sch.*,
    227 A.D.3d 544 (1st Dep't 2024) .................................................................................................4

*Herring Networks, Inc. v. Maddow*,
    No. 3:19-cv-1713, 2021 WL 409724 (S.D. Cal. Feb. 5, 2021)...........................................5, 6, 9

*InkMango, Inc. v. Warren*,
    84 Misc. 3d 1227(A) (N.Y. Sup. Ct. 2024)..................................................................................3

*Isaly v. Garde*,
    83 Misc. 3d 379 (N.Y. Sup. Ct. 2024) .........................................................................................4

*Reeves v. Associated Newspapers, Ltd.*,
    228 A.D.3d 75 (1st Dep't 2024) ...................................................................................................4

*Tu Nguyen v. Duy Tu Hoang*,
    No. H-17-2060, 2018 WL 8732490 (S.D. Tex. Oct. 19, 2018) ..................................................5

*Woulfe v. Universal City Studios LLC*,
    No. 2:22-cv-00459, 2024 WL 1110914 (C.D. Cal. Feb. 8, 2024) ............................5, 6, 7, 8, 9

**STATUTES**

N.Y. Civ. Rts. L. § 70-a ..................................................................................................1, 3, 4, 5

**ARGUMENT**

Plaintiffs do not dispute that the rates reflected in Ms. Tarlov's fee application are reasonable. *See* Opp. at 2; Decl. of Ronald D. Coleman ¶5 ("Coleman Decl."). Instead, they claim to find fault only with the number of hours counsel expended to achieve the result in this case. But Plaintiffs should not be heard to complain about allegedly excessive hours devoted to defending Ms. Tarlov after they filed a defamation claim vulnerable to dismissal on multiple grounds—a claim so obviously defective that plaintiffs never should have brought the case in the first place. They have no warrant to argue that counsel should not have zealously pursued each of the independent bases for dismissal.

Plaintiffs' claims that defense counsel's hours were excessive are unpersuasive. Although the Complaint in this case plainly lacked merit, counsel spent a reasonable number of hours addressing the numerous different grounds for dismissal. Even if the basic legal principles involved were "well-worn" and "well-established," Opp. at 1, that does not mean that counsel could have reasonably invested less time while zealously representing Ms. Tarlov given the need to unpack Plaintiffs' allegations, apply that law to the allegations, and ensure the highest probability of a favorable outcome. Plaintiffs particularly understate the time properly devoted to the issue of awarding fees under New York Civil Rights Law Section 70-a, given that the decision secured by Ms. Tarlov's counsel in this case represents the first application of that provision to award fees in federal court. And contrary to Plaintiffs' assertions, other cases awarding fees in defamation cases under anti-SLAPP statutes reflect investment of a comparable number of attorney hours.

**A.   Plaintiffs Understate the Issues Presented**

To criticize the hours expended by counsel, Plaintiffs dramatically oversimplify the issues involved in this litigation and ignore the breadth of Ms. Tarlov's victory, in which the court

1

accepted her arguments on seven distinct points: (1) Bobulinski's public figure status, (2) the lack of a defamatory statement, (3) failure to allege actual malice, (4) failure to allege either defamation per se or special damages, (5) failure to state a claim for defamation by implication, (6) failure to state a claim for injurious falsehood, and (7) the application of New York's fee-shifting provision.

Plaintiffs' principal argument is that the substantive defenses Ms. Tarlov invoked are "well established" with a "deep stock" of decisions on which counsel may rely. Opp. at 1; Coleman Decl. ¶8. While there is no doubt that the basic rules governing topics like defamatory meaning or actual malice are well established, identifying the best precedents to cite for a particular case requires thorough and careful research. Responding to a specific defamation complaint is not a copy-and-paste job from the last case.

For example, although many cases address whether a statement is capable of a "defamatory meaning," that question necessarily requires a case-specific analysis of the actual words or phrases used. Here, counsel for Ms. Tarlov undertook a careful review of the field for the most closely analogous cases, along with research into a number of sub-matters such as defamatory meaning within particular communities, *see* ECF No. 19 at 16, and the legality, ethics, and prevalence of third-party fee arrangements, *id.* at 17. Research on each of these points was included in the motion to dismiss. *Id.* at 16-17.

The general standard for actual malice is, no doubt, also well established. Plaintiffs' Complaint, however, invoked a number of less frequently litigated sub-doctrines that required thorough research, such as Plaintiffs' argument that the Court could infer malice based on political animus, Fox's alleged failure to retract, or an alleged failure to research payments from a PAC to Plaintiff's law firm. *Id.* at 10-13. Research on each point was included in the motion to dismiss.

*Id.* Defamatory meaning and actual malice are not unique in this regard, and similar points could be made for each of the arguments Ms. Tarlov advanced and on which she prevailed.

Plaintiffs' assertion that Torridon should not have sought fees for four attorneys to attend oral argument, *see* Opp. at 5, misrepresents the record. As the bills submitted by Torridon show, Mr. Philbin (who argued) was the only attorney whose time was billed for the oral argument. *See* ECF No. 38-1, at 21-22.[1] Moreover, Ms. Tarlov has not sought to recover for certain redacted entries contained in its billing records, amounting to 17.5 hours and $14,099.67,[2] and also has not sought fees for attorney time expended in pursuing this fee application, even though recovery for such fees is permitted. *Golan v. Daily News, L.P.*, No. 151135/2022, 2023 WL 5900247, at *2 (N.Y. Sup. Ct. Sep. 11, 2023).

Finally, Plaintiffs' contention, Opp. at 7, that Ms. Tarlov cannot recover for fees incurred after the motion hearing misstates the law. Under Section 70-a, successful defendants "are entitled to reasonable attorney's fees associated with defending th[e] action." *InkMango, Inc. v. Warren*, 84 Misc. 3d 1227(A) (N.Y. Sup. Ct. 2024). Qualifying fees include fees incurred after argument in a case, such as fees incurred on appeal. *Golan*, 2023 WL 5900247, at *2. The limited fees counsel incurred after the argument here—0.8 hours reviewing the argument transcript and communicating with Ms. Tarlov, No. 38-1, at 21-22—were a normal part of defending a case that had not yet been dismissed.

---

[1] Three other attorneys attended the oral argument: two in-house attorneys from Fox News and Partner Brett Katz from Torridon. But as the bills show, Torridon did not bill for Mr. Katz's time.

[2] *Compare* ECF No. 38-1 (showing 371.6 billed hours and $347,774.33 in total hours, fees, and costs), *with* ECF No. 37 at 5 (claiming 354.1 hours and $333,674.66 in fees and costs).

### B. Plaintiffs Understate the Time Warranted to Address the Question of Awarding Fees Under New York Civil Rights Law Section 70-a.

Plaintiffs' contention that Ms. Tarlov's arguments for fees under New York's anti-SLAPP statute should not have required much effort because cases on the topic are "few" and "cumulative," neglects the importance of her victory on this point and mischaracterizes the state of the precedent in the field. In addition, to the best of Ms. Tarlov's knowledge, the Court's fee order in this case is the first federal court decision to award attorney's fees under New York's anti-SLAPP statute.

As the Court is aware, a number of decisions in this district have held that New York Civil Rights Law Section 70-a cannot be applied in federal court. Opinion and Order at 33 n.24. Developing a successful argument to distinguish those cases required a thorough survey of the existing case law and secondary sources, a careful study of the text of the anti-SLAPP statute, and research into how federal courts have applied other states' anti-SLAPP laws for precedent that might be persuasive by analogy. *See* ECF No. 19 at 24-25; ECF No. 29 at 8-10.

As to Plaintiffs' contention that there are "few" cases involving Section 70-a, that is not correct. There are currently 188 cases on Westlaw citing the statute. Had counsel not carefully reviewed that mass of decisions, counsel would not have found cases like *Isaly v. Garde*, 83 Misc. 3d 379 (N.Y. Sup. Ct. 2024), *Golan v. Daily News, L.P*, 214 A.D.3d 558 (1st Dep't 2023), and *Aristocrat Plastic Surgery P.C. v. Silva*, 206 A.D.3d 26 (1st Dep't 2022), which explain that a separate action or counterclaim is not required to recover fees under Section 70-a. Nor would counsel have found cases like *Goldman v. Abraham Heschel Sch.*, 227 A.D.3d 544 (1st Dep't 2024), and *Reeves v. Associated Newspapers, Ltd.*, 228 A.D.3d 75 (1st Dep't 2024), which hold that success on a motion to dismiss necessarily establishes that an action was maintained "without

a substantial basis" under Section 70-a. Those relatively recent cases have not been heavily cited in the case law but contained important principles that some have overlooked.

Plaintiffs assert that the fee-shifting provision has been around for several years, that cases have already "illuminated th[e] issues" surrounding the statute, and there was no need to "reinvent the wheel," Coleman Decl. ¶9, to make arguments about that provision. But Ms. Tarlov would not have been well served had her counsel merely copied and pasted the same arguments that have failed in other cases arguing for application of Section 70-a. The bottom line is that counsel's careful review of the law permitted counsel to present a convincing argument here that had not been presented before. It is hard for Plaintiffs to claim that counsel spent too many hours to secure a result that no one else has achieved.

## C. Prior Cases Support the Reasonableness of the Hours Expended Here.

Plaintiffs' vague assertions of overbilling are, in any event, contradicted by decisions from other cases involving successful anti-SLAPP motions showing that the claimed 354.1 hours are reasonable. *Herring Networks, Inc. v. Maddow*, No. 3:19-cv-1713, 2021 WL 409724, at *10 (S.D. Cal. Feb. 5, 2021) (approving 337 hours prior to fee motion briefing); *Woulfe v. Universal City Studios LLC*, No. 2:22-cv-00459, 2024 WL 1110914 (C.D. Cal. Feb. 8, 2024) (approving 355.5 hours); *see also Tu Nguyen v. Duy Tu Hoang*, No. H-17-2060, 2018 WL 8732490, at *8-9 (S.D. Tex. Oct. 19, 2018) (approving 328 hours for defendant Radio Free Asia for single motion to dismiss, reply, and argument). Notably, Plaintiffs do not cite a single case that supports the number of hours they claim would be reasonable. Instead, they attempt to distinguish *Herring Networks* and *Woulfe* without citation to any alternative authority. Those attempts fail.

In *Herring Networks*, the court approved approximately 337 hours for responding to a complaint by briefing and arguing an anti-SLAPP motion to dismiss and briefing a motion to supplement the record. 2021 WL 409724, at *3 n.3 (showing counsel claimed 355.5 hours); *id.* at

5

*9-10 (ordering a 5% reduction in hours based on objections to specific entries).  Plaintiff attempts to distinguish *Herring Networks* by arguing that the case involved additional work in the form of "several evidentiary filings and an ex parte Application to Supplement the Record to which the defendant had to respond."  Opp. at 8.  A review of the docket, however, shows that these issues did not meaningfully contribute to the billings in the case.  The defendants' "response" to the evidentiary submissions amounted to a single page in his reply in support of his motion to dismiss, *see* Reply at 1, *Herring Networks*, No. 3:19-cv-1713 (S.D. Cal., Dec. 9, 2019), ECF No. 20, while the defendants' response to the ex parte application totaled 3.5 pages, Response in Opposition to Ex Parte Motion, *Herring Networks*, No. 3:19-cv-1713 (Dec. 13, 2019), ECF No. 22.  The 337 hours approved in *Herring Networks* remains a relevant comparator for this case.

In *Woulfe*, the court found that 416.9 hours was reasonable for briefing and arguing an anti-SLAPP motion to dismiss.  2024 WL 1110914, at *9-10 (finding that a 20% cut to counsel's 521.1 billed hours resulted in a reasonable hour amount).  Plaintiffs argue that *Woulfe* does not support the requested hours in this case because the posture of *Woulfe* required more attorney hours.  Opp. at 7-8.  To some extent that is correct.  *Woulfe* did require more attorney hours than this case and, as a result, the *Woufle* court awarded 62.8 more hours than Ms. Tarlov seeks here.  *Woulfe*, 2024 WL 1110914, at *9-10.  The different posture and tasks involved in the two cases are accounted for in that additional award.

As to Plaintiffs' more specific arguments, Plaintiffs start by contending that the award in *Woulfe* covered three amended complaints.  Opp. at 7.  That is misleading.  The portion of the *Woulfe* award that Ms. Tarlov cited in her opening brief only involved *two* amended[3] complaints.

---

[3] The plaintiffs in *Woulfe* filed their first amended complaint before defendants could respond to the original complaint.  Docket, *Woulfe*, 2:22-cv-00459 (C.D. Cal.).  As a result, there was no motion to dismiss (or strike) the original complaint.  *See id.*

*Woulfe*, 2024 WL 1110914, at *9-11 (approving 416.9 hours of 521.1 hours spent responding to first two amended complaints). Although the plaintiffs in *Woulfe* filed a third amended complaint, that complaint was the subject of a separate request for fees and was addressed later in the *Woulfe* opinion. *Id.* at *11-13.

Next, Plaintiffs contend that *Woulfe* required notably more work because the *Woulfe* defendants briefed motions to dismiss *and* motions to strike in response to both amended complaints. Opp. at 7. This is misleading for two reasons. First, the *Woulfe* defendants did not file separate motions to strike and motions to dismiss for those two complaints: instead, defendants filed a combined motion to strike and/or dismiss each complaint. Motions to Strike and Dismiss, *Woulfe*, 2:22-cv-00459 (C.D. Cal.), ECF Nos. 31, 44. Each combined motion required little more work than a standalone motion to dismiss. As the defendants acknowledged, the standards governing a motion to dismiss and an anti-SLAPP motion to strike are identical and the work was "coextensive." Mot. for Fees at 12-13, *Woulfe*, 2:22-cv-00459 (C.D. Cal. Jan. 17, 2023), ECF No. 88. Second, although the *Woulfe* defendants moved to strike/dismiss two amended complaints, doing so did not require considerably more work than replying to one. There was not a full round of briefing on defendants' motion addressing the first amended complaint. Instead, plaintiffs did not oppose that motion and immediately filed the second amended complaint. Second Am. Compl., *Woulfe*, 2:22-cv-00459 (C.D. Cal. June 6, 2022), ECF No. 36. In addition, the second motion to strike/dismiss was mostly copied and pasted from the first motion.[4] Thus, while they responded to two amended complaints, the *Woulfe* defendants essentially drafted one motion to dismiss and one reply—similar to what defense counsel did here.

---

[4] *See* Motions to Strike and Dismiss, *Woulfe*, 2:22-cv-00459 (C.D. Cal.), ECF Nos. 31, 44. Aside from updates to the case background, the only notable change in the second motion to strike/dismiss was the addition of a one-page standing argument. *See id.*

Next, Plaintiffs contend that *Woufle* involved "numerous" hearings. Opp. at 7. By "numerous," Plaintiffs apparently mean "two." In *Woulfe*, the fee request (and resulting award) that Ms. Tarlov has cited involved a hearing on the anti-SLAPP motion to strike/dismiss[5] (similar to the one that happened here), and a status conference on an uncontested request for a briefing extension. That status conference resulted in a minute entry less than one line in length. Minutes of Zoom Status Conference, *Woulfe*, 2:22-cv-00459 (C.D. Cal. April 11, 2022), ECF No. 27. Subsequent hearings listed on the docket were not included in the fee award. *Compare Woulfe*, 2024 WL 1110914, at *9-11 (approving 416.9 hours of 521.1 hours requested in defendants' first motion for fees, ECF No. 88), *with* Docket, *Woulfe*, 2:22-cv-00459 (C.D. Cal.) (showing only two hearings prior to ECF No. 88).

Plaintiffs also fail to move the ball in arguing that the *Woulfe* award included a motion by the defense seeking judicial notice. The motion at issue was 5.5 pages. Request for Judicial Notice, *Woulfe*, 2:22-cv-00459 (C.D. Cal. July 15, 2022), ECF No. 45. Moreover, counsel for Ms. Tarlov performed similar work. Although Ms. Tarlov did not file a separate request for judicial notice, she included such a request in her motion to dismiss. ECF No. 19 at 8-10 & n.14. In so doing, counsel researched the relevant judicial notice standards, collected materials, prepared exhibits, and prepared and filed a declaration to authenticate those exhibits, just as defense counsel in *Woulfe* did for its motion. *See id.*; *see also* ECF No. 18.

Plaintiffs also argue that the court can ignore *Woulfe* because the fees the court ultimately awarded were less than what Ms. Tarlov seeks here. Opp. at 8. This is irrelevant. First, the lower award in *Woulfe* resulted from the court's decision to reduce the initial award by 80% because the

---

[5] Minutes of Mot. to Strike Hearing, *Woulfe*, 2:22-cv-00459 (C.D. Cal. Sept. 12, 2022), ECF No. 66.

8

defendants' anti-SLAPP motion succeeded in dismissing only 20% of the case. *Woulfe*, 2024 WL 1110914, at *9-11. Here, by contrast, Ms. Tarlov secured dismissal of the entire case on multiple grounds. Second, Plaintiffs' argument misapplies the lodestar method. Under that method, the court calculates a lodestar amount by multiplying the number of hours reasonably spent on the case by a reasonable rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 186 (2d Cir. 2007). Plaintiffs turn this analysis on its head by asking the court to simply look to the total award in other cases and ignore the hours and the rates involved. Opp. at 8. Here, Plaintiffs have conceded that defense counsel's rates are reasonable and Ms. Tarlov has provided substantial support for the hours spent on this matter. The hours, moreover, are comparable to the hours deemed reasonable in *Woulfe*.

Finally, Plaintiffs contend that both *Herring Networks* and *Woulfe* are inapposite because they involve awards under California law, not New York law. Opp. at 7-8. But that argument only serves to highlight the reasonableness of the hours expended on this case. Ms. Tarlov had to cite anti-SLAPP fee awards from other states as comparators here because *no federal court has ever before made a fee award under New York's anti-SLAPP law*. Crafting a winning argument on this point required a full review of the caselaw citing New York's anti-SLAPP statute so that counsel could account for contrary precedent and identify support for Ms. Tarlov's position.

## CONCLUSION

The Court should grant the Application for Attorneys' Fees and order Plaintiffs to reimburse the defense for $333,674.66 in attorneys' fees and costs incurred defending this action.

| | |
|---|---|
| February 5, 2025 | Respectfully submitted. |

                                              TORRIDON LAW PLLC

/s/ *Patrick F. Philbin*
Patrick F. Philbin (*pro hac vice*)
Kyle West (*pro hac vice*)
Chase Harrington (*pro hac vice*)
801 Seventeenth Street NW, Suite 1100
Washington, DC 20006
(202) 249-6900

Brett D. Katz
800 Westchester Avenue
Suite N-641, Office 647
Rye Brook, NY 10573
(551) 404-5301

*Attorneys for Defendant Jessica Tarlov*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

The undersigned counsel certifies that this filing complies with the word limitations set forth in the in Local Civil Rule 7.1(c). According to the word processing system used to prepare it, the foregoing document contains 2,919 words, excluding the case caption, table of contents, table of authorities, and signature block.

/s/ *Patrick F. Philbin*
Patrick F. Philbin (*pro hac vice*)
801 Seventeenth Street NW, Suite 1100
Washington, DC 20006
(202) 249-6600